Exhibit A



## Case Number: LACL157010     Case Title: SHYOHNTE SHETWORTH WARE VS MANOR CARE OF WDM IA LLC ET AL

Opened: 10-23-2023
County: Polk
Case Type: EMPLOYMENT CLAIM - OTHER     Judge: JEFFREY D FARRELL
Prayer Amount: $.00

⊞ Show/Hide Participants

| File Date | Docket # | Case History |
|---|---|---|
| 01-30-2024 08:45:00 PM<br>Court | D0012 | **OTHER ORDER**<br>DEFENDANTS' MOTION FOR ADDITIONAL TIME TO FILE AN ANSWER IS GRANTED<br>Filed by: Court |
| 01-19-2024 05:14:00 PM<br>Defendant | D0011 | **MOTION**<br>UNRESISTED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED PETITION<br>Filed by: JEAN MARIE DEVENEY |
| 01-19-2024 05:12:00 PM<br>Defendant | D0010 | **APPEARANCE**<br>JEANNIE M DEVENEY APPEARING FOR MANOR CARE OF WEST DES MOINES, IA LLC D/B/A PROMEDICA SKILLED NURSING AND REHABILITATION, MANORCARE HEALTH SERVICES-WEST DES MOINES, HEARTLAND EMPLOYMENT SERVICES, L<br>Filed by: JEAN MARIE DEVENEY |
| 01-18-2024 04:30:00 PM<br>Plaintiff | D0009 | **ACCEPTANCE OF SERVICE**<br>BY JEANNIE DEVENEY FOR DEFENDANTS<br>Filed by: LAWRENCE FRANCIS DEMPSEY IV |
| 01-15-2024 11:56:00 AM<br>Plaintiff | D0005 | **MOTION**<br>TO EXTEND SERVICE DEADLINE BY PLAF<br>Filed by: LAWRENCE FRANCIS DEMPSEY IV |
| 01-12-2024 11:24:00 AM<br>Plaintiff | D0006 | **AMENDED PETITION FILED: AMENDED PETITION**<br>Filed by: LAWRENCE FRANCIS DEMPSEY IV |
| 01-12-2024 11:24:00 AM<br>Plaintiff | D0008 | **CIVIL ORIGINAL NOTICE**<br>Filed by: LAWRENCE FRANCIS DEMPSEY IV |
| 01-12-2024 11:24:00 AM<br>Plaintiff | D0007 | **JURY DEMAND: AMENDED PETITION**<br>Filed by: LAWRENCE FRANCIS DEMPSEY IV |
| 12-06-2023 01:14:00 PM<br>Plaintiff | D0004 | **NOTICE**<br>PLAINTIFF COUNSEL'S NOTICE OF CHANGE OF ADDRESS<br>Filed by: THOMAS A NEWKIRK |
| 10-23-2023 02:34:00 PM<br>Plaintiff | D0003 | **JURY DEMAND: PETITION**<br>Filed by: LAWRENCE FRANCIS DEMPSEY IV |
| 10-23-2023 02:34:00 PM<br>Plaintiff | D0001 | **PETITION FILED: PETITION**<br>EMPLOYMENT CLAIM - OTHER<br>Filed by: LAWRENCE FRANCIS DEMPSEY IV |
| 10-23-2023 02:34:00 PM<br>Plaintiff | D0002 | **CIVIL ORIGINAL NOTICE**<br>Filed by: LAWRENCE FRANCIS DEMPSEY IV |

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE, <br><br>   Plaintiff, <br><br> v. <br><br> MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, NICOLE MELCHERT in her individual and corporate capacity, <br><br>   Defendants. | Case No. <br><br><br><br><br> **ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT(S):**

      You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action.  A copy of the Petition is attached to this notice.  The attorneys for the Plaintiff are Thomas Newkirk and Lawrence Dempsey of the Newkirk Zwagerman, P.L.C., whose address is 521 East Locust Street, Suite 300, Des Moines, Iowa  50309. That attorney's phone number is (515) 883-2000; facsimile number (515) 883-2004.

      You are notified this case has been filed in a county that utilizes electronic filing.  You may refer to the Iowa Court Rules Chapter 16 for general rules and information on electronic filing.  For information regarding the protection of personal information in court filings, refer to rules in Chapter 16, division VI.

      You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

      If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

                                        _____
                                              CLERK OF COURT

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

Polk County Courthouse
Des Moines, IA 50309

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED  2023 OCT 24 2:26 PM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*   **LACL157010**

*County*   **Polk**

*Case Title*   SHYOHNTE SHETWORTH WARE VS MANOR CARE OF WEST DES

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **10/24/2023 02:26:16 PM**



*District Clerk of Court or/by Clerk's Designee of*  Polk              *County*

**/s/ Valeri Mueller**

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

**IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY**

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE, | Case No: |
| Plaintiff, | |
| vs. | |
| MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, NICOLE MELCHERT in her individual and corporate capacity, | **PETITION AND JURY DEMAND** |
| Defendants. | |

**COMES NOW** the Plaintiff, Shyohnte Shetworth-Ware, by and through her attorney, and hereby submits the following causes of action and jury demand:

<u>**INTRODUCTION**</u>

1.      In an effort to "promote and encourage adequate and safe care and housing for individuals who are aged or who, regardless of age, are infirm, convalescent, or mentally physically dependent" the State of Iowa has adopted various rules and regulations governing the operation of residential care facilities and assisted living programs. Iowa Code § 135C.2(1); *See also,* Iowa Code § 231C.1, *et. seq.*

2.      The effectiveness of those rules and regulations, however, depends on individuals who are aware of violations having the ability to report violations without fear of reprisal.

3.      As such, it is unlawful for a residential care facility or assisted living program to retaliate against an employee for reporting a violation of the rules governing those facilities. Iowa Code 135C.46; Iowa Code § 231C.13.

1

E-FILED 2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

4.      Despite this strict statutory prohibition, the Plaintiff was fired by the Defendants for reporting Defendants' violations of various rules and regulations governing residential care facilities and assisted living programs.

5.      Accordingly, Plaintiff brings this action for damages resulting from Defendant's wrongful discharge of Plaintiff in violation of public policy, for unpaid wages and for declaratory and injunctive relief.

## PARTIES AND JURISDICTION

6.      Plaintiff Shyohnte Shetworth-Ware (referred to hereinafter as "Shetworth") is a resident and citizen of Des Moines, Polk County, Iowa.

7.      Defendant Manor Care of West Des Moines, Iowa, LLC, is a limited liability company formed pursuant to the laws of the state of Delaware with its principal office in Toledo, Ohio, and operating and conducting continuous business in the state of Iowa.

8.      Manor Care of West Des Moines, Iowa, LLC is part of a national organization, ProMedica Health System, that operates assisted living facilities across the United States.

9.      Manor Care of West Des Moines, Iowa, LLC also operates and conducts business in Iowa under the fictitious names Promedica Skilled Nursing and Rehabilitation (West Des Moines) and ManorCare Health Services- West Des Moines.

10.     Promedica is a health care facility and assisted living program subject to Iowa Law, including but not limited to the provisions of Iowa Code Chapters 135C and 231C, as well as various provisions of the Iowa Administrative Code.

11.     Defendant Nicole Melchert is an employee of Manor Care of West Des Moines, LLC and works in a Human Resources capacity. Upon information and belief, Defendant Melchert is a resident of the state of Iowa.

12.     The acts of which Plaintiff complains of herein occurred in West Des Moines, Polk County, Iowa.  As such, the Iowa District Court in and for Polk County has jurisdiction over this matter.

## FACTUAL BACKGROUND

### *Shetworth's Employment, Complaints to the State, and Subsequent Termination*

13.     Defendants (referred to collectively herein as "Promedica") operate a health care facility and assisted living program in West Des Moines, Iowa. Promedica's West Des Moines facility provides health care services to senior citizens and other individuals with significant health care needs.

14.     Patients at Promedica's West Des Moines location live at the facility and are often dependent on Promedica's staff for all their basic needs, including food, housing and medical treatment.

15.     Shetworth was hired by Promedica to work at their West Des Moines facility as a dietary aide in March of 2022. Shetworth is a certified nursing aide ("CNA") with experience working in a variety of health care settings.

16.     As a CNA, Shetworth is familiar with federal and state regulations governing assisted living programs and health care facilities like Promedica's West Des Moines facility.

17.     Soon after starting her employment with Promedica, Shetworth became concerned about the abusive and undignified way Promedica's staff members, including management, treated residents.

18.     For example, Shetworth witnessed physical aggression towards patients, such as forcibly grabbing an elderly man and shoving him into a chair when he was in need of assistance.

19.     Ms. Shetworth reported this incident to her supervisor and Nicole Melchert in Human Resources.

20.     Ms. Shetworth witnessed staff using profanity and yelling at residents, making them feel like a nuisance and burden.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

21.     Ms. Shetworth noticed residents were not assisted in a timely manner when calling for help.

22.     Ms. Shetworth noticed and reported to her supervisor that medications were not being distributed at the proper time or at all to residents.

23.     On July 9, 2022, after making complaints to her supervisors, Ms. Shetworth reported the incidents to the Iowa Department of Inspection and Appeals ("DIA").

24.     Ms. Shetworth told a co-worker that she had filed a complaint with the state.

25.     Later Ms. Shetworth learned that the co-worker told human resources about her complaint to the state.

26.     On July 11, 2022, two days after she filed her complaint with DIA, Ms. Shetworth was terminated.

27.     Later, DIA issued a decision that substantiated many of the allegations contained in Ms. Shetworth's complaint to the agency.

### *Defendants Withheld Shetworth's Wages*

28.     Promedica also did not pay Shetworth her proper wages for hours she worked. For example, Shetworth worked over the July 4th holiday, but was not paid for doing so.

29.     Promedica also pays overtime and holiday pay to its employees. However, Shetworth was not properly compensated for either, despite working overtime and on a holiday.

30.     Shetworth also had wages withheld for breaks she did not take. Although Shetworth did not take breaks and instead continued to work, she had wages withheld from her paycheck, as if she had taken breaks from work.

31.     Shetworth's hourly wage was also decreased from $17 per hour to $15 per hour following her complaint to the State.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

### *Defendant's Unenforceable Arbitration Provision*

32.     Upon information and belief, Promedica claims Shetworth completed an online training course that included what Promedica describes as a "Mutual Agreement to Arbitrate Claims."

33.     The so-called "arbitration agreement" was presented to Shetworth on a computer, where she had no prior notice of what she would be reviewing, little time to meaningfully review what she was being presented with, no opportunity to seek advice or counsel, and no opportunity to discuss or negotiate the terms of the arbitration proposal.

34.     Moreover, the online information provided by Promedica regarding the arbitration agreement is fundamentally misleading with respect to whether or not employees are required to sign the so-called "agreement." For example, the arbitration materials state that "all current and new employees will be required to sign arbitration agreements." Later, the materials say that an employee may "opt-out" of the agreement, but does not explain how the employee may opt-out, or the consequences, if any, for doing so. Rather, the materials merely refer the employee to a complex legal document for more information on how to 'opt-out." By describing the arbitration agreement as "required" for all new and current employees, the arbitration materials give employees the impression that the agreement is a mandatory condition of employment.

35.     The arbitration provision is imposed on employees, is not part of a meaningful bargained-for exchange of mutually incurred rights and obligations, and is not supported by consideration.

36.     After reviewing the online arbitration materials, ProMedica gives employees the choice to either click "acknowledge" on the computer, or to click "cancel." By clicking "acknowledge," ProMedica considers the employee to have signed and agreed to the arbitration agreement. However, the acknowledgement screen does not provide the employee with an option to "opt-out" of the agreement or to request additional time to review and consider the agreement.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

## COUNT I

### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

37.     The preceding paragraphs of the petition are incorporated as fully set forth herein by this reference.

38.     Defendant retaliated against Plaintiff by terminating her because she made complaints regarding the practices, standard of care, and conditions at Defendants' facility to management and DIA.

39.     Plaintiff made internal and external complaints regarding abuse and neglect of the residents.

40.     By terminating Plaintiff for making complaints, Defendants violated well-established public policy.

41.     As a result of Defendants' actions, Plaintiff has, and will in the future suffer damages including but not limited to, mental and emotional distress, fear, anguish, humiliation, embarrassment, lost enjoyment of life, lost wages, lost benefits, lost future earnings, and other emoluments of employment.

42.     Defendants acted intentionally, maliciously and/or with reckless indifference to the rights of Plaintiff and knew or should have known that their actions were illegal; therefore, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for lost wages and benefits, for emotional distress, for interest as allowed by law, for punitive damages, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the  circumstances and consistent with the purpose of Iowa law and as the Court deems just and equitable.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

## COUNT II

### IOWA WAGE PAYMENT COLLECTION ACT

43.     Defendants wrongfully withheld wages for days and hours Plaintiff worked, including holidays, overtime pay and other wages.

44.     Plaintiff has demanded such wages from Defendants, but they remain unpaid.

45.     Defendant's failure to pay Plaintiff such wages was a violation of Iowa Code Chapter 91A.

46.     Defendants' failure to pay Plaintiff's wages was intentional.

47.     Plaintiff has and continues to incur attorney fees in Plaintiffs' efforts to recover the unpaid wages and expenses.

**WHEREFORE**, the Plaintiff, respectfully requests the Court enter judgment against the Defendants and award damages in an amount which will fully and fairly compensate her for her lost wages, liquidated damages, attorneys' fees, and costs under the provisions of Iowa Code Chapter 91A, and award court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT III

### DECLARATORY AND INJUNCTIVE RELIEF

48.     Plaintiff seeks a declaratory order from the Court declaring Defendants' so-called arbitration agreement invalid and unenforceable.

49.     Defendants' alleged arbitration agreement is procedurally unconscionable.

50.     The manner in which Defendants prepared the arbitration provisions, presented it to employees, and had employees allegedly accept it, provided Defendants with a significant advantage which they used to exploit Plaintiff's lack of understanding, and unequal bargaining power.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

51.     Defendants' arbitration materials are misleading and rely on fine print and convoluted language which deprived Plaintiff of an opportunity to understanding the materials.

52.     Defendants' alleged arbitration agreement was presented to Plaintiff on a computer, where she had no prior notice of what she would be reviewing, little time to meaningfully review what she was being presented with, no opportunity to seek advice or counsel, and no opportunity to discuss or negotiate the terms of the arbitration proposal.

53.     Defendants alleged arbitration agreement was not the result of a meaningful bargained-for exchange of mutual rights and obligations or a genuine meeting of the minds, nor is it supported by consideration.

54.     Defendants' arbitration provision is also between an employer and employee and therefore is invalid pursuant to Iowa Code § 679A.1.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an order declaring Defendants' alleged arbitration agreement invalid and unenforceable and enjoining Defendants from enforcing the alleged arbitration agreement in this or other proceedings. Plaintiff further requests the Court enter a temporary order enjoining Defendants from enforcing its arbitration agreement during the pendency of this litigation. Plaintiff further requests any other relief provided by Iowa law and the Court deems just and equitable under the circumstances.

## JURY DEMAND

**COMES NOW** the Plaintiff and hereby requests a trial by jury in the above-captioned matter.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

Respectfully Submitted,

NEWKIRK ZWAGERMAN, P.L.C.


/s/ *Lawrence Dempsey*_____
Thomas Newkirk AT0005791
tnewkirk@newkirklaw.com
Lawrence Dempsey AT0012262
ldempsey@newkirklaw.com
521 E. Locust St., Suite 300
Des Moines, Iowa 50309
Phone: 515-883-2000

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

### IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE,<br><br>   Plaintiff,<br><br>vs.<br><br>MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, NICOLE MELCHERT in her individual and corporate capacity,<br><br>Defendants. | Case No:<br><br><br><br>**PETITION AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Shyohnte Shetworth-Ware, by and through her attorney, and hereby submits the following causes of action and jury demand:

### <u>INTRODUCTION</u>

1.      In an effort to "promote and encourage adequate and safe care and housing for individuals who are aged or who, regardless of age, are infirm, convalescent, or mentally physically dependent" the State of Iowa has adopted various rules and regulations governing the operation of residential care facilities and assisted living programs. Iowa Code § 135C.2(1); *See also,* Iowa Code § 231C.1, *et. seq.*

2.      The effectiveness of those rules and regulations, however, depends on individuals who are aware of violations having the ability to report violations without fear of reprisal.

3.      As such, it is unlawful for a residential care facility or assisted living program to retaliate against an employee for reporting a violation of the rules governing those facilities. Iowa Code 135C.46; Iowa Code § 231C.13.

1

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

4.      Despite this strict statutory prohibition, the Plaintiff was fired by the Defendants for reporting Defendants' violations of various rules and regulations governing residential care facilities and assisted living programs.

5.      Accordingly, Plaintiff brings this action for damages resulting from Defendant's wrongful discharge of Plaintiff in violation of public policy, for unpaid wages and for declaratory and injunctive relief.

## PARTIES AND JURISDICTION

6.      Plaintiff Shyohnte Shetworth-Ware (referred to hereinafter as "Shetworth") is a resident and citizen of Des Moines, Polk County, Iowa.

7.      Defendant Manor Care of West Des Moines, Iowa, LLC, is a limited liability company formed pursuant to the laws of the state of Delaware with its principal office in Toledo, Ohio, and operating and conducting continuous business in the state of Iowa.

8.      Manor Care of West Des Moines, Iowa, LLC is part of a national organization, ProMedica Health System, that operates assisted living facilities across the United States.

9.      Manor Care of West Des Moines, Iowa, LLC also operates and conducts business in Iowa under the fictitious names Promedica Skilled Nursing and Rehabilitation (West Des Moines) and ManorCare Health Services- West Des Moines.

10.     Promedica is a health care facility and assisted living program subject to Iowa Law, including but not limited to the provisions of Iowa Code Chapters 135C and 231C, as well as various provisions of the Iowa Administrative Code.

11.     Defendant Nicole Melchert is an employee of Manor Care of West Des Moines, LLC and works in a Human Resources capacity. Upon information and belief, Defendant Melchert is a resident of the state of Iowa.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

12.     The acts of which Plaintiff complains of herein occurred in West Des Moines, Polk County, Iowa.  As such, the Iowa District Court in and for Polk County has jurisdiction over this matter.

## **FACTUAL BACKGROUND**

### *Shetworth's Employment, Complaints to the State, and Subsequent Termination*

13.     Defendants (referred to collectively herein as "Promedica") operate a health care facility and assisted living program in West Des Moines, Iowa. Promedica's West Des Moines facility provides health care services to senior citizens and other individuals with significant health care needs.

14.     Patients at Promedica's West Des Moines location live at the facility and are often dependent on Promedica's staff for all their basic needs, including food, housing and medical treatment.

15.     Shetworth was hired by Promedica to work at their West Des Moines facility as a dietary aide in March of 2022. Shetworth is a certified nursing aide ("CNA") with experience working in a variety of health care settings.

16.     As a CNA, Shetworth is familiar with federal and state regulations governing assisted living programs and health care facilities like Promedica's West Des Moines facility.

17.     Soon after starting her employment with Promedica, Shetworth became concerned about the abusive and undignified way Promedica's staff members, including management, treated residents.

18.     For example, Shetworth witnessed physical aggression towards patients, such as forcibly grabbing an elderly man and shoving him into a chair when he was in need of assistance.

19.     Ms. Shetworth reported this incident to her supervisor and Nicole Melchert in Human Resources.

20.     Ms. Shetworth witnessed staff using profanity and yelling at residents, making them feel like a nuisance and burden.

21.     Ms. Shetworth noticed residents were not assisted in a timely manner when calling for help.

22.     Ms. Shetworth noticed and reported to her supervisor that medications were not being distributed at the proper time or at all to residents.

23.     On July 9, 2022, after making complaints to her supervisors, Ms. Shetworth reported the incidents to the Iowa Department of Inspection and Appeals ("DIA").

24.     Ms. Shetworth told a co-worker that she had filed a complaint with the state.

25.     Later Ms. Shetworth learned that the co-worker told human resources about her complaint to the state.

26.     On July 11, 2022, two days after she filed her complaint with DIA, Ms. Shetworth was terminated.

27.     Later, DIA issued a decision that substantiated many of the allegations contained in Ms. Shetworth's complaint to the agency.

### *Defendants Withheld Shetworth's Wages*

28.     Promedica also did not pay Shetworth her proper wages for hours she worked. For example, Shetworth worked over the July 4th holiday, but was not paid for doing so.

29.     Promedica also pays overtime and holiday pay to its employees. However, Shetworth was not properly compensated for either, despite working overtime and on a holiday.

30.     Shetworth also had wages withheld for breaks she did not take. Although Shetworth did not take breaks and instead continued to work, she had wages withheld from her paycheck, as if she had taken breaks from work.

31.     Shetworth's hourly wage was also decreased from $17 per hour to $15 per hour following her complaint to the State.

4

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

### *Defendant's Unenforceable Arbitration Provision*

32.     Upon information and belief, Promedica claims Shetworth completed an online training course that included what Promedica describes as a "Mutual Agreement to Arbitrate Claims."

33.     The so-called "arbitration agreement" was presented to Shetworth on a computer, where she had no prior notice of what she would be reviewing, little time to meaningfully review what she was being presented with, no opportunity to seek advice or counsel, and no opportunity to discuss or negotiate the terms of the arbitration proposal.

34.     Moreover, the online information provided by Promedica regarding the arbitration agreement is fundamentally misleading with respect to whether or not employees are required to sign the so-called "agreement." For example, the arbitration materials state that "all current and new employees will be required to sign arbitration agreements." Later, the materials say that an employee may "opt-out" of the agreement, but does not explain how the employee may opt-out, or the consequences, if any, for doing so. Rather, the materials merely refer the employee to a complex legal document for more information on how to 'opt-out." By describing the arbitration agreement as "required" for all new and current employees, the arbitration materials give employees the impression that the agreement is a mandatory condition of employment.

35.     The arbitration provision is imposed on employees, is not part of a meaningful bargained-for exchange of mutually incurred rights and obligations, and is not supported by consideration.

36.     After reviewing the online arbitration materials, ProMedica gives employees the choice to either click "acknowledge" on the computer, or to click "cancel." By clicking "acknowledge," ProMedica considers the employee to have signed and agreed to the arbitration agreement. However, the acknowledgement screen does not provide the employee with an option to "opt-out" of the agreement or to request additional time to review and consider the agreement.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

## COUNT I

### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

37.     The preceding paragraphs of the petition are incorporated as fully set forth herein by this reference.

38.     Defendant retaliated against Plaintiff by terminating her because she made complaints regarding the practices, standard of care, and conditions at Defendants' facility to management and DIA.

39.     Plaintiff made internal and external complaints regarding abuse and neglect of the residents.

40.     By terminating Plaintiff for making complaints, Defendants violated well-established public policy.

41.     As a result of Defendants' actions, Plaintiff has, and will in the future suffer damages including but not limited to, mental and emotional distress, fear, anguish, humiliation, embarrassment, lost enjoyment of life, lost wages, lost benefits, lost future earnings, and other emoluments of employment.

42.     Defendants acted intentionally, maliciously and/or with reckless indifference to the rights of Plaintiff and knew or should have known that their actions were illegal; therefore, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for lost wages and benefits, for emotional distress, for interest as allowed by law, for punitive damages, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the  circumstances and consistent with the purpose of Iowa law and as the Court deems just and equitable.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

## COUNT II

### IOWA WAGE PAYMENT COLLECTION ACT

43.     Defendants wrongfully withheld wages for days and hours Plaintiff worked, including holidays, overtime pay and other wages.

44.     Plaintiff has demanded such wages from Defendants, but they remain unpaid.

45.     Defendant's failure to pay Plaintiff such wages was a violation of Iowa Code Chapter 91A.

46.     Defendants' failure to pay Plaintiff's wages was intentional.

47.     Plaintiff has and continues to incur attorney fees in Plaintiffs' efforts to recover the unpaid wages and expenses.

**WHEREFORE**, the Plaintiff, respectfully requests the Court enter judgment against the Defendants and award damages in an amount which will fully and fairly compensate her for her lost wages, liquidated damages, attorneys' fees, and costs under the provisions of Iowa Code Chapter 91A, and award court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT III

### DECLARATORY AND INJUNCTIVE RELIEF

48.     Plaintiff seeks a declaratory order from the Court declaring Defendants' so-called arbitration agreement invalid and unenforceable.

49.     Defendants' alleged arbitration agreement is procedurally unconscionable.

50.     The manner in which Defendants prepared the arbitration provisions, presented it to employees, and had employees allegedly accept it, provided Defendants with a significant advantage which they used to exploit Plaintiff's lack of understanding, and unequal bargaining power.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

51.     Defendants' arbitration materials are misleading and rely on fine print and convoluted language which deprived Plaintiff of an opportunity to understanding the materials.

52.     Defendants' alleged arbitration agreement was presented to Plaintiff on a computer, where she had no prior notice of what she would be reviewing, little time to meaningfully review what she was being presented with, no opportunity to seek advice or counsel, and no opportunity to discuss or negotiate the terms of the arbitration proposal.

53.     Defendants alleged arbitration agreement was not the result of a meaningful bargained-for exchange of mutual rights and obligations or a genuine meeting of the minds, nor is it supported by consideration.

54.     Defendants' arbitration provision is also between an employer and employee and therefore is invalid pursuant to Iowa Code § 679A.1.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an order declaring Defendants' alleged arbitration agreement invalid and unenforceable and enjoining Defendants from enforcing the alleged arbitration agreement in this or other proceedings. Plaintiff further requests the Court enter a temporary order enjoining Defendants from enforcing its arbitration agreement during the pendency of this litigation. Plaintiff further requests any other relief provided by Iowa law and the Court deems just and equitable under the circumstances.

**JURY DEMAND**

**COMES NOW** the Plaintiff and hereby requests a trial by jury in the above-captioned matter.

E-FILED  2023 OCT 23 2:34 PM POLK - CLERK OF DISTRICT COURT

Respectfully Submitted,

NEWKIRK ZWAGERMAN, P.L.C.

/s/ *Lawrence Dempsey*_____
Thomas Newkirk AT0005791
tnewkirk@newkirklaw.com
Lawrence Dempsey AT0012262
ldempsey@newkirklaw.com
521 E. Locust St., Suite 300
Des Moines, Iowa 50309
Phone: 515-883-2000

E-FILED  2023 DEC 06 1:14 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE, | CASE NO. LACL157010 |
| **Plaintiff,** | |
| VS. | |
| MANOR CARE OF WEST DES MOINES, IA, LLC; DBA PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, NICOLE MELCHERT IN HER INDIVIDUAL AND CORPORATE CAPACITY, | COUNSEL NOTICE OF ADDRESS CHANGE |
| Defendants. | |

COMES NOW, counsel for the Plaintiff, and states that they will be moving their office to a new location as of November 27, 2023.  The new address is 3900 Ingersoll Ave, Suite 201, Des Moines, IA 50312.

NEWKIRK ZWAGERMAN, P.L.C.

___/s/ Thomas Newkirk_
Thomas Newkirk AT0005791
tnewkirk@newkirklaw.com
Lawrence Dempsey AT0012262
ldempsey@newkirklaw.com
3900 Ingersoll Ave, Suite 201
Des Moines, IA 50312
Telephone:  (515) 883-2000
Fax:  (515) 883-2004

ATTORNEYS FOR PLAINTIFF

E-FILED  2023 DEC 06 1:14 PM POLK - CLERK OF DISTRICT COURT

Original filed.
Copy to all Parties via EDMS.

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

## IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE,<br><br>     Plaintiff,<br><br>vs.<br><br>MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, and HEARTLAND EMPLOYMENT SERVICES, LLC, n/k/a PROMEDICA EMPLOYMENT SERVICES LLC,<br><br>     Defendants. | Case No: LACL157010<br><br><br>**AMENDED PETITION AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Shyohnte Shetworth-Ware, by and through her attorney, and hereby submits the following causes of action and jury demand:

## <u>INTRODUCTION</u>

1.      In an effort to "promote and encourage adequate and safe care and housing for individuals who are aged or who, regardless of age, are infirm, convalescent, or mentally physically dependent" the State of Iowa has adopted various rules and regulations governing the operation of residential care facilities and assisted living programs. Iowa Code § 135C.2(1); *See also,* Iowa Code § 231C.1, *et. seq.*

2.      The effectiveness of those rules and regulations, however, depends on individuals who are aware of violations having the ability to report violations without fear of reprisal.

1

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

3.     As such, it is unlawful for a residential care facility or assisted living program to retaliate against an employee for reporting a violation of the rules governing those facilities. Iowa Code 135C.46; Iowa Code § 231C.13.

4.     Despite this strict statutory prohibition, the Plaintiff was fired by the Defendants for reporting Defendants' violations of various rules and regulations governing residential care facilities and assisted living programs.

5.     Accordingly, Plaintiff brings this action for damages resulting from Defendant's wrongful discharge of Plaintiff in violation of public policy, for unpaid wages and for declaratory and injunctive relief.

## PARTIES AND JURISDICTION

6.     Plaintiff Shyohnte Shetworth-Ware (referred to hereinafter as "Shetworth") is a resident and citizen of Des Moines, Polk County, Iowa.

7.     Defendant Manor Care of West Des Moines, Iowa, LLC, is a limited liability company formed pursuant to the laws of the state of Delaware with its principal office in Toledo, Ohio, and operating and conducting continuous business in the state of Iowa.

8.     Manor Care of West Des Moines, Iowa, LLC is part of a national organization, ProMedica Health System, that operates assisted living facilities across the United States.

9.     Manor Care of West Des Moines, Iowa, LLC also operates and conducts business in Iowa under the names Promedica Skilled Nursing and Rehabilitation (West Des Moines) and ManorCare Health Services- West Des Moines.

10.     Defendant Heartland Employment Services, LLC is a limited liability company formed pursuant to the laws of the state of Ohio with its principal office in Toledo, Ohio and operating and conducting continuous business in the state of Iowa. Heartland Employment

2

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

Services, LLC is now known as Promedica Employment Services, LLC. Promedica Employment Services, LLC is a limited liability company formed pursuant to the laws of the state of Ohio with its principle office in Toldedo, Ohio and operating and conducting continuous business in the state of Iowa.

11.     Upon information and belief, Defendant Heartland Employment Services, n/k/a Promedica Employment Services is a "Professional Employer Organization" affiliated with the foregoing entities.

12.     While the foregoing entities are structured on paper as separate entities, for all intents and purposes, they are all a single employer, operating the same business,  with the same home office (i.e., 333 N. Summit Street, Toledo, Ohio).

13.     Defendants operate a health care facility and assisted living program subject to Iowa Law, including but not limited to the provisions of Iowa Code Chapters 135C and 231C, as well as various provisions of the Iowa Administrative Code.

14.     Defendants are referred to collectively herein as "ProMedica."

15.     The acts of which Plaintiff complains of herein occurred in West Des Moines, Polk County, Iowa.  As such, the Iowa District Court in and for Polk County has jurisdiction over this matter.

## **FACTUAL BACKGROUND**

### *Shetworth's Employment, Complaints to the State, and Subsequent Termination*

16. Promedica operates a health care facility and assisted living program in West Des Moines, Iowa. Promedica's West Des Moines facility provides health care services to senior citizens and other individuals with significant health care needs.

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

17. Patients at Promedica's West Des Moines location live at the facility and are often dependent on Promedica's staff for all their basic needs, including food, housing and medical treatment.

18. Shetworth was hired by Promedica to work at their West Des Moines facility as a dietary aide in March of 2022. Shetworth is a certified nursing aide ("CNA") with experience working in a variety of health care settings.

19. As a CNA, Shetworth is familiar with federal and state regulations governing assisted living programs and health care facilities like Promedica's West Des Moines facility.

20. Soon after starting her employment with Promedica, Shetworth became concerned about the abusive and undignified way Promedica's staff members, including management, treated residents.

21. For example, Shetworth witnessed physical aggression towards patients, such as forcibly grabbing an elderly man and shoving him into a chair when he was in need of assistance.

22. Ms. Shetworth reported this incident to her supervisor and Nicole Melchert in Human Resources.

23. Ms. Shetworth witnessed staff using profanity and yelling at residents, making them feel like a nuisance and burden.

24. Ms. Shetworth noticed residents were not assisted in a timely manner when calling for help.

25. Ms. Shetworth noticed and reported to her supervisor that medications were not being distributed at the proper time or at all to residents.

26. On July 9, 2022, after making complaints to her supervisors, Ms. Shetworth reported the incidents to the Iowa Department of Inspection and Appeals ("DIA").

27. Ms. Shetworth told a co-worker that she had filed a complaint with the state.

4

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

28. Later Ms. Shetworth learned that the co-worker told human resources about her complaint to the state.

29. On July 11, 2022, two days after she filed her complaint with DIA, Ms. Shetworth was terminated.

30. Later, DIA issued a decision that substantiated many of the allegations contained in Ms. Shetworth's complaint to the agency.

### *Defendants Withheld Shetworth's Wages*

31. ProMedica also did not pay Shetworth her proper wages for hours she worked. For example, Shetworth worked over the July 4th holiday, but was not paid for doing so.

32. ProMedica also pays overtime and holiday pay to its employees. However, Shetworth was not properly compensated for either, despite working overtime and on a holiday.

33. Shetworth also had wages withheld for breaks she did not take. Although Shetworth did not take breaks and instead continued to work, she had wages withheld from her paycheck, as if she had taken breaks from work.

34. Shetworth's hourly wage was also decreased from $17 per hour to $15 per hour following her complaint to the State.

### *Defendant's Unenforceable Arbitration Provision*

35. Upon information and belief, ProMedica claims Shetworth completed an online training course that included what ProMedica describes as a "Mutual Agreement to Arbitrate Claims." Ms. Shetworth has no recollection of being presented with, or signing the alleged arbitration agreement.

36. Upon information and belief, ProMedica claims the so-called "arbitration agreement" was presented to Shetworth on a computer around the time she was hired. Based on the manner in which ProMedica claims Ms. Shetworth was presented with the arbitration agreement, Ms.

Shetworth would have no prior notice of what she would be reviewing, little time to meaningfully review what she was being presented with, no opportunity to seek advice or counsel, and no opportunity to discuss or negotiate the terms of the arbitration proposal.

37. Moreover, the online information ProMedica claims it provided regarding the arbitration agreement is fundamentally misleading with respect to whether or not employees are required to sign the so-called "agreement." For example, the arbitration materials state that "all current and new employees will be required to sign arbitration agreements." Later, the materials say that an employee may "opt-out" of the agreement, but does not explain how the employee may opt-out, or the consequences, if any, for doing so. Rather, the materials merely refer the employee to a complex legal document for more information on how to 'opt-out." By describing the arbitration agreement as "required" for all new and current employees, the arbitration materials give employees the impression that the agreement is a mandatory condition of employment.

38. The arbitration provision is imposed on employees, is not part of a meaningful bargained-for exchange of mutually incurred rights and obligations, and is not supported by consideration.

39. After reviewing the online arbitration materials, ProMedica gives employees the choice to either click "acknowledge" on the computer, or to click "cancel." By clicking "acknowledge," ProMedica considers the employee to have signed and agreed to the arbitration agreement. However, the acknowledgement screen does not provide the employee with an option to "opt-out" of the agreement or to request additional time to review and consider the agreement.

## COUNT I

### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

40. The preceding paragraphs of the petition are incorporated as fully set forth herein by this reference.

6

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

41. Defendants retaliated against Plaintiff by terminating her because she made complaints regarding the practices, standard of care, and conditions at Defendants' facility to management and DIA.

42. Plaintiff made internal and external complaints regarding abuse and neglect of the residents.

43. By terminating Plaintiff for making complaints, Defendants violated well-established public policy.

44. As a result of Defendants' actions, Plaintiff has, and will in the future suffer damages including but not limited to, mental and emotional distress, fear, anguish, humiliation, embarrassment, lost enjoyment of life, lost wages, lost benefits, lost future earnings, and other emoluments of employment.

45. Defendants acted intentionally, maliciously and/or with reckless indifference to the rights of Plaintiff and knew or should have known that their actions were illegal; therefore, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for lost wages and benefits, for emotional distress, for interest as allowed by law, for punitive damages, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of Iowa law and as the Court deems just and equitable.

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

## COUNT II

## IOWA WAGE PAYMENT COLLECTION ACT

46.     Defendants wrongfully withheld wages for days and hours Plaintiff worked, including holidays, overtime pay and other wages.

47.     Plaintiff has demanded such wages from Defendants, but they remain unpaid.

48.     Defendant's failure to pay Plaintiff such wages was a violation of Iowa Code Chapter 91A.

49.     Defendants' failure to pay Plaintiff's wages was intentional.

50.     Plaintiff has and continues to incur attorney fees in Plaintiffs' efforts to recover the unpaid wages and expenses.

**WHEREFORE**, the Plaintiff, respectfully requests the Court enter judgment against the Defendants and award damages in an amount which will fully and fairly compensate her for her lost wages, liquidated damages, attorneys' fees, and costs under the provisions of Iowa Code Chapter 91A, and award court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT III

## DECLARATORY AND INJUNCTIVE RELIEF

51.     Plaintiff seeks a declaratory order from the Court declaring Defendants' so-called arbitration agreement invalid and unenforceable.

52.     Plaintiff has no recollection of signing any arbitration agreement and does not believe she did so.

53.     Defendants' alleged arbitration agreement is procedurally unconscionable.

54.     The manner in which Defendants claim they prepared the arbitration provisions, presented it to employees, and had employees allegedly accept it, provided Defendants with a significant advantage which they used to exploit Plaintiff's lack of understanding, and unequal bargaining power.

55.     Defendants' arbitration materials are misleading and rely on fine print and convoluted language which deprives employees like Plaintiff of an opportunity to understand the materials.

56.     The manner in which Defendants claim they presented the alleged arbitration agreement provides employees with no prior notice of what they will be reviewing, little time to meaningfully review what they are being presented with, no opportunity to seek advice or counsel, and no opportunity to discuss or negotiate the terms of the arbitration proposal.

57.     Defendants alleged arbitration agreement was not the result of a meaningful bargained-for exchange of mutual rights and obligations or a genuine meeting of the minds, nor is it supported by consideration.

58.     Defendants' arbitration provision is also between an employer and employee and therefore is invalid pursuant to Iowa Code § 679A.1.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an order declaring Defendants' alleged arbitration agreement invalid and unenforceable and enjoining Defendants from enforcing the alleged arbitration agreement in this or other proceedings. Plaintiff further requests the Court enter a temporary order enjoining Defendants from enforcing its arbitration agreement during the pendency of this litigation. Plaintiff further requests any other relief provided by Iowa law and the Court deems just and equitable under the circumstances.

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

**JURY DEMAND**

      **COMES NOW** the Plaintiff and hereby requests a trial by jury in the above-captioned

matter.

                        Respectfully Submitted,

                        NEWKIRK ZWAGERMAN, P.L.C.

                        */s/ Lawrence Dempsey*_____
                        Thomas Newkirk AT0005791
                        tnewkirk@newkirklaw.com
                        Lawrence Dempsey AT0012262
                        ldempsey@newkirklaw.com
                        521 E. Locust St., Suite 300
                        Des Moines, Iowa 50309
                        Phone: 515-883-2000

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE, | Case No. LACL157010 |
| Plaintiff, | |
| v. | |
| MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, and HEARTLAND EMPLOYMENT SERVICES, LLC, n/k/a PROMEDICA EMPLOYMENT SERVICES LLC, | **AMENDED ORIGINAL NOTICE** |
| Defendant. | |

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action.  A copy of the Petition is attached to this notice.  The attorneys for the Plaintiff are Thomas Newkirk and Lawrence Dempsey of the Newkirk Zwagerman, P.L.C., whose address is 3900 Ingersoll Ave., Suite 201, Des Moines, Iowa, 50312. That attorney's phone number is (515) 883-2000; facsimile number (515) 883-2004.

You are notified this case has been filed in a county that utilizes electronic filing.  You may refer to the Iowa Court Rules Chapter 16 for general rules and information on electronic filing.  For information regarding the protection of personal information in court filings, refer to rules in Chapter 16, division VI.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

CLERK OF COURT
Polk County Courthouse
Des Moines, IA 50309

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

E-FILED  2024 JAN 16 1:59 PM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*   **LACL157010**

*County*   **Polk**

*Case Title*   SHYOHNTE SHETWORTH WARE VS MANOR CARE OF WDM IA LLC ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/16/2024 01:59:42 PM**



*District Clerk of Court or/by Clerk's Designee of* Polk          *County*

**/s/ Jennifer Ewers**

## IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE,<br><br>   Plaintiff,<br><br>vs.<br><br>MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, and HEARTLAND EMPLOYMENT SERVICES, LLC, n/k/a PROMEDICA EMPLOYMENT SERVICES LLC,<br><br>   Defendants. | Case No: LACL157010<br><br><br><br>**AMENDED PETITION AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Shyohnte Shetworth-Ware, by and through her attorney, and hereby submits the following causes of action and jury demand:

## INTRODUCTION

1.      In an effort to "promote and encourage adequate and safe care and housing for individuals who are aged or who, regardless of age, are infirm, convalescent, or mentally physically dependent" the State of Iowa has adopted various rules and regulations governing the operation of residential care facilities and assisted living programs. Iowa Code § 135C.2(1); *See also,* Iowa Code § 231C.1, *et. seq.*

2.      The effectiveness of those rules and regulations, however, depends on individuals who are aware of violations having the ability to report violations without fear of reprisal.

1

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

3.      As such, it is unlawful for a residential care facility or assisted living program to retaliate against an employee for reporting a violation of the rules governing those facilities. Iowa Code 135C.46; Iowa Code § 231C.13.

4.      Despite this strict statutory prohibition, the Plaintiff was fired by the Defendants for reporting Defendants' violations of various rules and regulations governing residential care facilities and assisted living programs.

5.      Accordingly, Plaintiff brings this action for damages resulting from Defendant's wrongful discharge of Plaintiff in violation of public policy, for unpaid wages and for declaratory and injunctive relief.

## PARTIES AND JURISDICTION

6.      Plaintiff Shyohnte Shetworth-Ware (referred to hereinafter as "Shetworth") is a resident and citizen of Des Moines, Polk County, Iowa.

7.      Defendant Manor Care of West Des Moines, Iowa, LLC, is a limited liability company formed pursuant to the laws of the state of Delaware with its principal office in Toledo, Ohio, and operating and conducting continuous business in the state of Iowa.

8.      Manor Care of West Des Moines, Iowa, LLC is part of a national organization, ProMedica Health System, that operates assisted living facilities across the United States.

9.      Manor Care of West Des Moines, Iowa, LLC also operates and conducts business in Iowa under the names Promedica Skilled Nursing and Rehabilitation (West Des Moines) and ManorCare Health Services- West Des Moines.

10.    Defendant Heartland Employment Services, LLC is a limited liability company formed pursuant to the laws of the state of Ohio with its principal office in Toledo, Ohio and operating and conducting continuous business in the state of Iowa. Heartland Employment

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

Services, LLC is now known as Promedica Employment Services, LLC. Promedica Employment Services, LLC is a limited liability company formed pursuant to the laws of the state of Ohio with its principle office in Toldedo, Ohio and operating and conducting continuous business in the state of Iowa.

11.     Upon information and belief, Defendant Heartland Employment Services, n/k/a Promedica Employment Services is a "Professional Employer Organization" affiliated with the foregoing entities.

12.     While the foregoing entities are structured on paper as separate entities, for all intents and purposes, they are all a single employer, operating the same business,  with the same home office (i.e., 333 N. Summit Street, Toledo, Ohio).

13.     Defendants operate a health care facility and assisted living program subject to Iowa Law, including but not limited to the provisions of Iowa Code Chapters 135C and 231C, as well as various provisions of the Iowa Administrative Code.

14.     Defendants are referred to collectively herein as "ProMedica."

15.     The acts of which Plaintiff complains of herein occurred in West Des Moines, Polk County, Iowa.  As such, the Iowa District Court in and for Polk County has jurisdiction over this matter.

**FACTUAL BACKGROUND**

***Shetworth's Employment, Complaints to the State, and Subsequent Termination***

16. Promedica operates a health care facility and assisted living program in West Des Moines, Iowa. Promedica's West Des Moines facility provides health care services to senior citizens and other individuals with significant health care needs.

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

17. Patients at Promedica's West Des Moines location live at the facility and are often dependent on Promedica's staff for all their basic needs, including food, housing and medical treatment.

18. Shetworth was hired by Promedica to work at their West Des Moines facility as a dietary aide in March of 2022. Shetworth is a certified nursing aide ("CNA") with experience working in a variety of health care settings.

19. As a CNA, Shetworth is familiar with federal and state regulations governing assisted living programs and health care facilities like Promedica's West Des Moines facility.

20. Soon after starting her employment with Promedica, Shetworth became concerned about the abusive and undignified way Promedica's staff members, including management, treated residents.

21. For example, Shetworth witnessed physical aggression towards patients, such as forcibly grabbing an elderly man and shoving him into a chair when he was in need of assistance.

22. Ms. Shetworth reported this incident to her supervisor and Nicole Melchert in Human Resources.

23. Ms. Shetworth witnessed staff using profanity and yelling at residents, making them feel like a nuisance and burden.

24. Ms. Shetworth noticed residents were not assisted in a timely manner when calling for help.

25. Ms. Shetworth noticed and reported to her supervisor that medications were not being distributed at the proper time or at all to residents.

26. On July 9, 2022, after making complaints to her supervisors, Ms. Shetworth reported the incidents to the Iowa Department of Inspection and Appeals ("DIA").

27. Ms. Shetworth told a co-worker that she had filed a complaint with the state.

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

28. Later Ms. Shetworth learned that the co-worker told human resources about her complaint to the state.

29. On July 11, 2022, two days after she filed her complaint with DIA, Ms. Shetworth was terminated.

30. Later, DIA issued a decision that substantiated many of the allegations contained in Ms. Shetworth's complaint to the agency.

### *Defendants Withheld Shetworth's Wages*

31. ProMedica also did not pay Shetworth her proper wages for hours she worked. For example, Shetworth worked over the July 4th holiday, but was not paid for doing so.

32. ProMedica also pays overtime and holiday pay to its employees. However, Shetworth was not properly compensated for either, despite working overtime and on a holiday.

33. Shetworth also had wages withheld for breaks she did not take. Although Shetworth did not take breaks and instead continued to work, she had wages withheld from her paycheck, as if she had taken breaks from work.

34. Shetworth's hourly wage was also decreased from $17 per hour to $15 per hour following her complaint to the State.

### *Defendant's Unenforceable Arbitration Provision*

35. Upon information and belief, ProMedica claims Shetworth completed an online training course that included what ProMedica describes as a "Mutual Agreement to Arbitrate Claims." Ms. Shetworth has no recollection of being presented with, or signing the alleged arbitration agreement.

36. Upon information and belief, ProMedica claims the so-called "arbitration agreement" was presented to Shetworth on a computer around the time she was hired. Based on the manner in which ProMedica claims Ms. Shetworth was presented with the arbitration agreement, Ms.

Shetworth would have no prior notice of what she would be reviewing, little time to meaningfully review what she was being presented with, no opportunity to seek advice or counsel, and no opportunity to discuss or negotiate the terms of the arbitration proposal.

37. Moreover, the online information ProMedica claims it provided regarding the arbitration agreement is fundamentally misleading with respect to whether or not employees are required to sign the so-called "agreement." For example, the arbitration materials state that "all current and new employees will be required to sign arbitration agreements." Later, the materials say that an employee may "opt-out" of the agreement, but does not explain how the employee may opt-out, or the consequences, if any, for doing so. Rather, the materials merely refer the employee to a complex legal document for more information on how to 'opt-out." By describing the arbitration agreement as "required" for all new and current employees, the arbitration materials give employees the impression that the agreement is a mandatory condition of employment.

38. The arbitration provision is imposed on employees, is not part of a meaningful bargained-for exchange of mutually incurred rights and obligations, and is not supported by consideration.

39. After reviewing the online arbitration materials, ProMedica gives employees the choice to either click "acknowledge" on the computer, or to click "cancel." By clicking "acknowledge," ProMedica considers the employee to have signed and agreed to the arbitration agreement. However, the acknowledgement screen does not provide the employee with an option to "opt-out" of the agreement or to request additional time to review and consider the agreement.

## COUNT I

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

40. The preceding paragraphs of the petition are incorporated as fully set forth herein by this reference.

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

41. Defendants retaliated against Plaintiff by terminating her because she made complaints regarding the practices, standard of care, and conditions at Defendants' facility to management and DIA.

42. Plaintiff made internal and external complaints regarding abuse and neglect of the residents.

43. By terminating Plaintiff for making complaints, Defendants violated well-established public policy.

44. As a result of Defendants' actions, Plaintiff has, and will in the future suffer damages including but not limited to, mental and emotional distress, fear, anguish, humiliation, embarrassment, lost enjoyment of life, lost wages, lost benefits, lost future earnings, and other emoluments of employment.

45. Defendants acted intentionally, maliciously and/or with reckless indifference to the rights of Plaintiff and knew or should have known that their actions were illegal; therefore, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for lost wages and benefits, for emotional distress, for interest as allowed by law, for punitive damages, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of Iowa law and as the Court deems just and equitable.

## COUNT II

### IOWA WAGE PAYMENT COLLECTION ACT

46.     Defendants wrongfully withheld wages for days and hours Plaintiff worked, including holidays, overtime pay and other wages.

47.     Plaintiff has demanded such wages from Defendants, but they remain unpaid.

48.     Defendant's failure to pay Plaintiff such wages was a violation of Iowa Code Chapter 91A.

49.     Defendants' failure to pay Plaintiff's wages was intentional.

50.     Plaintiff has and continues to incur attorney fees in Plaintiffs' efforts to recover the unpaid wages and expenses.

**WHEREFORE**, the Plaintiff, respectfully requests the Court enter judgment against the Defendants and award damages in an amount which will fully and fairly compensate her for her lost wages, liquidated damages, attorneys' fees, and costs under the provisions of Iowa Code Chapter 91A, and award court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT III

### DECLARATORY AND INJUNCTIVE RELIEF

51.     Plaintiff seeks a declaratory order from the Court declaring Defendants' so-called arbitration agreement invalid and unenforceable.

52.     Plaintiff has no recollection of signing any arbitration agreement and does not believe she did so.

53.     Defendants' alleged arbitration agreement is procedurally unconscionable.

8

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

54.     The manner in which Defendants claim they prepared the arbitration provisions, presented it to employees, and had employees allegedly accept it, provided Defendants with a significant advantage which they used to exploit Plaintiff's lack of understanding, and unequal bargaining power.

55.     Defendants' arbitration materials are misleading and rely on fine print and convoluted language which deprives employees like Plaintiff of an opportunity to understand the materials.

56.     The manner in which Defendants claim they presented the alleged arbitration agreement provides employees with no prior notice of what they will be reviewing, little time to meaningfully review what they are being presented with, no opportunity to seek advice or counsel, and no opportunity to discuss or negotiate the terms of the arbitration proposal.

57.     Defendants alleged arbitration agreement was not the result of a meaningful bargained-for exchange of mutual rights and obligations or a genuine meeting of the minds, nor is it supported by consideration.

58.     Defendants' arbitration provision is also between an employer and employee and therefore is invalid pursuant to Iowa Code § 679A.1.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an order declaring Defendants' alleged arbitration agreement invalid and unenforceable and enjoining Defendants from enforcing the alleged arbitration agreement in this or other proceedings. Plaintiff further requests the Court enter a temporary order enjoining Defendants from enforcing its arbitration agreement during the pendency of this litigation. Plaintiff further requests any other relief provided by Iowa law and the Court deems just and equitable under the circumstances.

E-FILED  2024 JAN 12 11:24 AM POLK - CLERK OF DISTRICT COURT

**JURY DEMAND**

      **COMES NOW** the Plaintiff and hereby requests a trial by jury in the above-captioned

matter.

 

Respectfully Submitted,

NEWKIRK ZWAGERMAN, P.L.C.

/s/ *Lawrence Dempsey*_____
Thomas Newkirk AT0005791
tnewkirk@newkirklaw.com
Lawrence Dempsey AT0012262
ldempsey@newkirklaw.com
521 E. Locust St., Suite 300
Des Moines, Iowa 50309
Phone: 515-883-2000

E-FILED  2024 JAN 15 11:56 AM POLK - CLERK OF DISTRICT COURT

## IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE, | Case No: LACL157010 |
| Plaintiff, | |
| vs. | |
| MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, and HEARTLAND EMPLOYMENT SERVICES, LLC, n/k/a PROMEDICA EMPLOYMENT SERVICES LLC. | **MOTION TO EXTEND DEADLINE FOR SERVICE** |
| Defendants. | |

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and hereby moves the Court to enter an order extending the deadline to effectuate service of the petition and original notice in this matter. In support of the motion, Plaintiff states the following:

1. Plaintiff filed a petition initiating this matter on October 23, 2023.

2. Since filing the petition, Plaintiff's counsel has been in contact with Defendants counsel and Defendants are aware of Plaintiff's petition.

3. On January 12, 2024, Plaintiff filed an amended petition to clarify a few matters stated in the petition, including clarifying the entities named as Defendants.

4. With those issues now clarified in the amended petition, Plaintiff will promptly proceed with effectuating service.

5. Accordingly, Plaintiff hereby requests the Court enter an order granting a 30-day extension for Plaintiff to effectuate service.

E-FILED  2024 JAN 15 11:56 AM POLK - CLERK OF DISTRICT COURT

**WHEREFORE**, Plaintiff respectfully requests the Court grant a thirty (30) day extension for Plaintiff to serve Defendants with original notice and the petition in this matter.

Respectfully Submitted,

NEWKIRK ZWAGERMAN, P.L.C.

/s/ *Lawrence Dempsey*
Thomas Newkirk AT0005791
tnewkirk@newkirklaw.com
Lawrence Dempsey AT0012262
ldempsey@newkirklaw.com
521 E. Locust St., Suite 300
Des Moines, Iowa 50309
Phone: 515-883-2000

Original Filed.

Copy to all parties via EDMS.

E-FILED  2024 JAN 18 4:30 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE, | Case No: LACL157010 |
| **Plaintiff,** | |
| vs. | |
| MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, and HEARTLAND EMPLOYMENT SERVICES, LLC, n/k/a PROMEDICA EMPLOYMENT SERVICES LLC, | **ACCEPTANCE OF SERVICE** |
| **Defendants.** | |

COMES NOW the undersigned, on behalf of the above named Defendants, and hereby accepts service of the Amended Petition and Jury Demand and Amended Original Notice in the above-entitled cause of action.


    */s/ Jeannie DeVeney*

Jeannie M. DeVeney
jdeveney@littler.com
Littler
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
T: 816-627-4405

ATTORNEY FOR DEFENDANTS

E-FILED  2024 JAN 18 4:30 PM POLK - CLERK OF DISTRICT COURT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **Acceptance of Service** was served upon the following parties through the court's CM/ECF electronic filing system on the 18th day of January, 2024.


Thomas Newkirk
tnewkikrk@newkirklaw.com
Lawrence Dempsey
Ldempsey@newkirklaw.com
Newkirk Zwagerman, P.L.C.
521 E Locust, Suite 300
Des Moines IA 50309
T: 515-883-2000

ATTORNEYS FOR PLAINTIFF

_____/s/ Britney DeFord_____

E-FILED  2024 JAN 19 5:12 PM POLK - CLERK OF DISTRICT COURT

### IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE, | |
| | Case No:  LACL157010 |
| **Plaintiff,** | |
| vs. | |
| MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, and HEARTLAND EMPLOYMENT SERVICES, LLC n/k/a PROMEDICA EMPLOYMENT SERVICES LLC, | ENTRY OF APPEARANCE |
| **Defendants.** | |

Jeannie M. DeVeney, of Littler Mendelson, P.C., hereby enters her appearance as counsel of record on behalf of Defendants Manor Care of West Des Moines, IA, LLC d/b/a ProMedica Skilled Nursing and Rehabilitation (West Des Moines), ManorCare Health Services-West Des Moines, and Heartland Employment Services, LLC n/k/a ProMedica Employment Services LLC in the above-captioned case.

Respectfully submitted,

*/s/ Jeannie M. DeVeney*

Jeannie M. DeVeney, AT0002008
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com

**ATTORNEY FOR DEFENDANTS**

1

E-FILED  2024 JAN 19 5:12 PM POLK - CLERK OF DISTRICT COURT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served upon the following parties through the Court's electronic filing system on the 19th day of January, 2024.

Thomas Newkirk
tnewkikrk@newkirklaw.com
Lawrence Dempsey
Ldempsey@newkirklaw.com
Newkirk Zwagerman, P.L.C.
521 E Locust, Suite 300
Des Moines IA 50309
T: 515-883-2000

**ATTORNEYS FOR PLAINTIFF**

*/s/ Jeannie M. DeVeney*
**ATTORNEY FOR DEFENDANTS**

E-FILED  2024 JAN 19 5:14 PM POLK - CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT FOR POLK COUNTY**

| | |
|---|---|
| SHYOHNTE SHETWORTH-WARE, | |
| | **Case No:  LACL157010** |
| **Plaintiff,** | |
| vs. | |
| MANOR CARE OF WEST DES MOINES, IA, LLC; dba PROMEDICA SKILLED NURSING AND REHABILITATION (WEST DES MOINES), MANORCARE HEALTH SERVICES-WEST DES MOINES, and HEARTLAND EMPLOYMENT SERVICES, LLC n/k/a PROMEDICA EMPLOYMENT SERVICES LLC, | **UNRESISTED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED PETITION** |
| **Defendants.** | |

Pursuant to Iowa R. Civ. P. 1.443, Defendants Manor Care of West Des Moines, IA, LLC d/b/a ProMedica Skilled Nursing and Rehabilitation (West Des Moines), ManorCare Health Services-West Des Moines, and Heartland Employment Services, LLC n/k/a ProMedica Employment Services LLC (collectively, "Defendants")[1], hereby respectfully move this Court for an extension of time, up to and including February 16, 2024, in which to file their answer or otherwise respond to Plaintiff's Amended Petition. In support of this motion, Defendants state as follows:

1.      Plaintiff filed her Amended Petition on January 12, 2024. Defendants accepted service through undersigned counsel on January 16, 2024.

2.      Accordingly, Defendants' deadline to answer or otherwise respond to Plaintiff's Amended Petition is currently February 5, 2024.

---

[1] Defendants do not concede that all the named entities are properly named in this action.

E-FILED  2024 JAN 19 5:14 PM POLK - CLERK OF DISTRICT COURT

3.      The undersigned needs additional time to investigate the allegations and gather information to respond properly to Plaintiff's allegations and to prepare a motion to compel arbitration.

4.      This request is not sought for the purpose of delay or for any other improper purpose but rather to allow Defendants sufficient time to properly respond.

5.      The requested extension will not prejudice either party.

6.      Undersigned counsel conferred with counsel for Plaintiff, who graciously indicated they do not resist Defendants' request.

For the foregoing reasons, Defendants respectfully request this Court grant their unresisted motion to extend the deadline in which to answer or otherwise respond to Plaintiff's Amended Petition to February 16, 2024.

Respectfully submitted,

*/s/ Jeannie M. DeVeney*
Jeannie M. DeVeney, AT0002008
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com

**ATTORNEY FOR DEFENDANTS**

E-FILED  2024 JAN 19 5:14 PM POLK - CLERK OF DISTRICT COURT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served upon the following parties through the Court's electronic filing system on the 19th day of January, 2024.

Thomas Newkirk
tnewkikrk@newkirklaw.com
Lawrence Dempsey
Ldempsey@newkirklaw.com
Newkirk Zwagerman, P.L.C.
521 E Locust, Suite 300
Des Moines IA 50309
T: 515-883-2000

**ATTORNEYS FOR PLAINTIFF**

*/s/ Jeannie M. DeVeney*
**ATTORNEY FOR DEFENDANTS**

E-FILED                    LACL157010 - 2024 JAN 30 08:45 PM          POLK
                           CLERK OF DISTRICT COURT                Page 1 of 2

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| SHYOHNTE J SHETWORTH WARE<br>Plaintiff(s)<br><br>VS.<br><br>HEARTLAND EMPLOYMENT SERVICES LLC<br>NKA PROMEDICA EMPLOYMENT  SERVICES LLC<br>MANOR CARE OF WEST DES MOINES IA LLC<br>NICOLE MELCHERT<br>MANOR CARE HEALTH SERVICES WEST DES MOINES<br>PROMEDICA SKILLED NURSING AND REHABILITATION WEST DES MOINES<br><br>Defendant(s) | 05771  LACL157010<br><br><br>ORDER<br>on Motion to Extend Time to Answer |

Defendants filed a motion for additional time to file an answer.  The motion represented that plaintiff did not object.  The motion is granted.  Defendants shall have until February 16, 2024, to file an answer.

E-FILED                    LACL157010 - 2024 JAN 30 08:45 PM                    POLK
CLERK OF DISTRICT COURT                    Page 2 of 2

State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| LACL157010 | SHYOHNTE SHETWORTH WARE VS MANOR CARE OF WDM IA LLC ET AL |
| **Type:** | OTHER ORDER |

So Ordered

Jeffrey Farrell, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2024-01-30 20:45:15